1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7            **DISTRICT OF NEVADA**
8
9   SHARMARLO ANTOINE TINCH,
10          Petitioner,                    Case No. 2:01-CV-00411-LRH (PAL)
11   vs.                                   **ORDER**
12   GEORGE GRIGAS, et al.,
13          Respondents.
14
15          Before the Court are Respondents' Motion to Dismiss (#29) and Petitioner Tinch's
16   Opposition (#32).  The Court finds that several grounds of the Amended Petition for a Writ of
17   Habeas Corpus (#25) are procedurally defaulted and grants the Motion (#29).
18          Respondents first argue that Ground Four, Ground Five, and part of Ground Three
19   are unexhausted.  Before a federal court may consider a petition for a writ of habeas corpus, the
20   petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a
21   ground for relief, a petitioner must fairly present that ground to the state's highest court, describing
22   the operative facts and legal theory, and give that court the opportunity to address and resolve the
23   ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459
24   U.S. 4, 6 (1982).
25          "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available
26   state remedies only if he characterized the claims he raised in state proceedings specifically as
27   federal claims.  In short, the petitioner must have either referenced specific provisions of the federal
28   constitution or statutes or cited to federal case law."  Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.

1   2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law

2   which applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d

3   1153, 1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal

4   error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional

5   principles, such as due process, equal protection, and the right to a fair trial, are insufficient to

6   establish exhaustion."  Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

7          Respondents have usefully divided Ground Three into four (4) parts, which are:

8          Tinch's state court conviction and/or sentence are unconstitutional in violation of his
    Sixth and Fourteenth Amendment rights to effective assistance of counsel.  Trial
9   counsel Philip Dunleavy's performance was ineffective because:

10         a.     he failed to investigate the factual claims of murder, the laws that define
                  murder, and the circumstances surrounding the murder charge;

11

12         b.     he failed to contact witnesses that were present when the crime occurred,
                  such as the victim's mother who testified that the victim left her home with
                  several other member's [sic] of the victim's gang, all of whom were carrying
13                guns, including her son;

14         c.     he failed to investigate an earlier claim filed with the North Las Vegas police
                  through secret witness that the victim and Omar Walls had tried to kill the
15                petitioner weeks prior to the murder of the victim;

16         d.     he failed to investigate the law on jury tampering and/or undue influence
                  where one of the jurors informed the bailiff she wanted to change her vote to
17                not guilty.  Dunleavy filed for a mistrial, however, his failure to know the law
                  and/or investigate the law rendered him incompetent.

18

19  Motion (#29), at pp. 14-15.  In Ground One of Tinch's first state habeas corpus petition, he claimed

20  that trial counsel was ineffective because:

21         1.     Counsel failed to fully investigate the case prior to trial.

22         2.     Counsel failed to communicate with Petitioner concerning his testimony.

23         3.     Counsel failed to interview alibi witnesses before calling them to testify.

24  Ex. H, at p. 6 [194].[1]  Tinch then filed Supplemental Points and Authorities in which he expanded

25  his grounds.  Ex. M [20].  The relevant allegations concerning Ground Three are:

26  _____

27      [1]Exhibits A through L are attached to Respondents' first Motion to Dismiss (#15).  Exhibits
    M through U are attached to Respondents second and current Motion to Dismiss (#29).  Page
28  numbers in brackets refer to the Court's electronic image file for that document.

3.    Public defenders Wall and Dahl and trial attorney Phil Dunleavy were ineffective in failing to fully investigate the case in a timely fashion resulting in the loss of exculpatory evidence.
Tinch did not receive the effective assistance of counsel guaranteed by the Sixth Amendment in this case as none of the attorneys assigned to his case investigated the background of the State's purported eyewitnesses in order to attack their credibility at trial and motivation for the witnesses to falsely identify Tinch as the shooter.

4.    Counsel Dunleavy failed to communicate with Tinch concerning his testimony and then to investigate and obtain witnesses to corroborate Tinch's testimony and his alibi.

5.    Trial counsel failed to interview alibi witnesses before he called them to testify and investigate information to corroborate their testimony.

Ex. M, at pp. 14-18 [33-37]. Tinch presented these issues to the Nevada Supreme Court on appeal from the denial of his first state habeas corpus petition. Ex. J, at p. 11 [152]. These issues exhaust Ground 3(b) of the current Amended Petition (#25). However Tinch never argued in state court the issues which make up Ground 3(a), (c), and (d).[2] Those parts of Ground Three are unexhausted.

In Ground Four, Tinch alleges:

The petitioner was "constructively" denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel when the prosecutor's [sic] deliberately withheld the name and identity of a key witness from the defense counsel, wherefore the testimony of the witness and/or his personel [sic] accounts would have proved that the petitioner is "actually innocent" of the crime in which he was and/or now stands convicted. Although the witness, was allowed to testify at trial, the failure of the prosecutor's [sic] to disclose this witness to the defense was a deliberate malicious withholding of evidence in order to circumvent and dilute counsel's defense of the petitioner to secure a first degree murder conviction.

Amended Petition (#25), at p. 9-A. Tinch does not identify who this witness is; Respondents assume that it is Tony McCullum. Motion (#29), at p. 14. In his state Supplemental Points and Authorities, Tinch alleged that trial counsel was ineffective for interviewing McCullum for only ten

---

[2]Although they do not identify the parts of Ground Three by name, Respondents effectively argue that Grounds 3(a), (c), and (d) are unexhausted; they do not address Ground 3(b). Respondents then conclude that Grounds 3(a), (b), and (c) are unexhausted. Motion (#29), at p. 15. The Court assumes that this is an typographical error.

Issue 3 in the state Supplemental Points and Authorities, Ex. M [20], is superficially similar to Federal Ground 3(a). However, State Issue 3 concerns defense counsel's interview of prosecution witness Tony McCullum. Federal Ground 3(a) is much broader, addressing witnesses other than McCullum and alleging other irregularities in the proceedings.

(10) to fifteen (15) minutes right before McCullum testified for the prosecution.  Ex. M., at pp. 14-16 [33-35].  Tinch argued the same to the Nevada Supreme Court.  Ex. J, at pp. 19-20 [160-61].  However, Tinch has never argued in state court that the prosecutor caused ineffective assistance of counsel by withholding a name.  To the extent that Tinch claims that the prosecutor withheld potentially exculpatory evidence—he did cite Brady v. Maryland, 373 U.S. 83 (1963)—he never presented any such claim in state court.  Ground Four is unexhausted.

In Ground Five, Tinch alleges:

> [Appellate counsel] Oram failed to review and/or adequately familiarize himself with the laws and facts of the petitioner's case, in which resulted in counsel's failure to raise two obvious meritorious claims that would have overturned the petitioner's convictions.

Amended Petition (#25), at p. 11-A.  Tinch proceeds to explain that appellate counsel failed to base the claim in Ground One on federal law, which led this Court to decide that Ground One was unexhausted.  Id.  See also Order (#22).  In his Supplemental Points and Authorities, Tinch's claims of ineffective assistance of appellate counsel were:

> 1.  Failure to challenge the sufficiency of the evidence to support the verdict and gang enhancement.
>
> 2.  Failed to raise the improper argument by the prosecutor that qualified the definition of reasonable doubt even though there was a contemporaneous objection to the argument that was sustained by the Court.
>
> 3.  Failed to raise and argue the erroneous ruling limiting the impeachment cross-examination of Walls.

Ex M, at pp. 22-26 [41-45].  Tinch never presented to state courts the particular claim of ineffective assistance of counsel that he presents in Ground Five.  Ground Five is unexhausted.

The Amended Petition (#25) is mixed, containing both claims exhausted in state court and claims not exhausted in state court.  The entire Amended Petition (#25) is subject to dismissal, unless Petitioner elects to dismiss the unexhausted claims.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

Earlier in this action, the Court determined that Grounds One and Two of the original Petition (#4) were unexhausted.  Order (#22), at p. 1.  Tinch returned to state court to exhaust those grounds.  Motion to Dismiss (#23).  The Court closed this action while Tinch litigated in state court.

1   Order (#24).  The Nevada Supreme Court ultimately determined that the issues contained in

2   Grounds One and Two were untimely pursuant to Nev. Rev. Stat. § 34.726 and successive pursuant

3   to Nev. Rev. Stat. § 34.810.  Ex. R, at pp. 2-3 [99-100].  Grounds One and Two of the Amended

4   Petition (#25) correspond to Grounds One and Two of the original Petition (#4).  Respondents now

5   contend that these grounds are procedurally defaulted.

6             A federal court will not review a claim for habeas corpus relief if the decision of the

7   state court regarding that claim rested on a state-law ground that is independent of the federal

8   question and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31

9   (1991).

10            In all cases in which a state prisoner has defaulted his federal claims
               in state court pursuant to an independent and adequate state

11             procedural rule, federal habeas review of the claims is barred unless
               the prisoner can demonstrate cause for the default and actual prejudice

12             as a result of the alleged violation of federal law, or demonstrate that
               failure to consider the claims will result in a fundamental miscarriage

13             of justice.

14   Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  The grounds for dismissal upon

15   which the Nevada Supreme Court relied in this case are adequate and independent state rules.  Vang

16   v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher,

17   231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir.

18   1996) (same).

19            To demonstrate cause to excuse a procedural default, the petitioner must "show that

20   some objective factor external to the defense impeded" his efforts to comply with the state

21   procedural rule.  Murray, 477 U.S. at 488 (emphasis added).  For cause to exist, the external

22   impediment must have prevented the petitioner from raising the claim.  See McCleskey v. Zant, 499

23   U.S. 467, 497 (1991).

24            The cause which Tinch presents to excuse the procedural default of Grounds One and

25   Two is the ineffective assistance of his appellate counsel:  Had appellate counsel alerted the Nevada

26   Supreme Court to the federal-law aspects of the issues contained in Grounds One and Two, they

27   would not now be procedurally defaulted.  Opposition (#32), at pp. 3-5.  This is also Tinch's

28   Ground Five.  Amended Petition (#25), at p. 11-A.  However, "a procedurally defaulted ineffective-

1  assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas
2  claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the
3  ineffective-assistance claim itself." Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000).  Tinch
4  must first resolve the unexhausted status of Ground Five before the Court can consider it as cause to
5  excuse the procedural default of Grounds One and Two.

6         IT IS THEREFORE ORDERED that Respondents' Second Motion to Dismiss (#29)
7  is **GRANTED** in part with respect to Grounds 3(a), 3(c), 3(d), 4, and 5.

8         IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date
9  of entry of this Order to do one of the following:  (1) inform this Court in a sworn declaration that
10 he wishes to dismiss Grounds 3(a), 3(c), 3(d), 4, and 5 of his Amended Petition (#25), and proceed
11 only on the remaining grounds, or (2) inform this Court in a sworn declaration that he wishes to
12 dismiss his Amended Petition (#25) to return to state court to exhaust his state remedies with respect
13 to the claims set out in Grounds 3(a), 3(c), 3(d), 4, and 5 of his Amended Petition (#25).  Failure to
14 comply will result in the dismissal of this action.

15        DATED this 8th day of March, 2006.

16
17
18                                                    _____
19                                                    LARRY R. HICKS
                                                      United States District Judge
20
21
22
23
24
25
26
27
28

-6-